UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62470-CIV-DIMITROULEAS

LINDA AND MICHAEL MCHUGH, *on behalf*      CLASS ACTION
*of themselves and others similarly situated*,

    Plaintiffs,

v.

MERCANTILE ADJUSTMENT
BUREAU, LLC.

    Defendant.
_____/

## AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Linda and Michael McHugh, file this Amended Class Action Complaint on behalf of themselves and four classes of persons similarly situated. The allegations herein are based upon Plaintiffs' personal knowledge as to their own actions and conduct, and upon information and belief as to all other matters set forth herein.

## NATURE OF THE ACTION

1. This is a class action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' claims occurred in this District, where Plaintiffs reside in this District, and where Defendant transacts business in this District.

## PARTIES

4. Plaintiffs Linda and Michael McHugh are natural persons who at all relevant times resided in the State of Florida, County of Broward, and City of Cooper City.

5. Plaintiffs are "consumers" as defined by the FDCPA at 15 U.S.C. § 1692a(3) and the FCCPA at Fla. Stat. § 559.55(2).

6. Defendant Mercantile Adjustment Bureau, LLC is a New York limited liability company with its principal offices at 6390 Main Street, Suite 160, Williamsville, New York 14221.

7. Defendant may be served through its registered agent: NRAI Services, Inc., 515 E. Park Ave., Tallahassee, FL 32301.

8. At all relevant times, Defendant was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by the FDCPA at 15 U.S.C. § 1692a(5) and the FCCPA at Fla. Stat. § 559.55(1).

9. Defendant is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons obligated, or allegedly obligated, to pay an alleged consumer debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—specifically, a personal credit card with JC Penney, which was used to purchase clothing.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Upon information and belief, Defendant has a pattern and practice of using standardized voice messages in connection with its attempts to collect allegedly delinquent consumer debts.

14. In connection with the collection of an alleged debt in default (the "Debt"), Defendant placed an initial telephone call to Plaintiffs' residence on or around July 2, 2012, and left the following pre-recorded voice message:

> This is a message for Linda M-c-h-u-g-h. If you are not Linda M-c-h-u-g-h please disconnect this call. If you need to listen to this message you acknowledge that you are Linda M-c-h-u-g-h. This is Tommy Decker from Mercantile Adjustment Bureau. Please contact me about an important personal business matter at 1-866-839 [sic].

15. In its voice message left on or around July 2, 2012, Defendant failed to notify Plaintiffs that the communication was from a debt collector.

16. Before receiving this voice message on or around July 2, 2012, Plaintiffs had not received any written communications from Defendant in connection with Defendant's attempts to collect the Debt.

17. In failing to disclose that the communication was from a debt collector in its voice message left on or around July 2, 2012, Defendant failed to meaningfully disclose its identity to Plaintiffs.

18. Plaintiffs did not know that Defendant was attempting to collect on a JC Penney debt until July 10, 2012, when Plaintiff Michael McHugh received a call on Plaintiffs' home phone from Kristina Chiles, an employee or agent of Defendant. Ms. Chiles requested to speak

with Plaintiff Linda McHugh. Michael McHugh told Ms. Chiles that Linda McHugh was not home and asked if he could help her. Ms. Chiles then advised Michael McHugh that this was an attempt to collect a debt and that any information obtained would be used to collect that debt. Michael McHugh asked her which specific debt she was referencing, and Ms. Chiles told him it was a debt with JC Penney.

19. In addition to the calls referenced above and the voice message transcribed above, Defendant placed calls to Plaintiffs' residence, including, but not limited to, calls placed on the following dates and times: July 2, 2012 at 8:09 P.M.; July 10, 2012 at 1:58 P.M., July 30, 2012 at 9:28 A.M.; August 3, 2012 at 10:54 A.M.; August 7, 2012 at 9:27 A.M.; August 8, 2012 at 11:27 A.M.; August 16, 2012 at 9:03 A.M.; August 18, 2012 at 10:42 A.M.; August 22, 2012 at 9:31 A.M.; August 23, 2012 at 9:32 A.M.; August 24, 2012 at 9:12 A.M.; August 28, 2012 at 2:59 P.M.; August 31, 2012 at 7:35 A.M.; September 4, 2012 at 8:52 A.M. and 1:53 P.M.; September 13, 2012 at 8:53 A.M.; September 18, 2012 at 1:38 P.M.; September 19, 2012 at 8:16 A.M; September 20, 2012 at 8:32 A.M.; September 27, 2012 at 8:31 A.M.; September 28, 2012 at 8:29 A.M.; September 29, 2012 at 8:31 A.M.; and October 1, 2012 at 8:12 A.M.

20. In connection with each of these calls, Defendant left a pre-recorded voice message identical or substantially similar to the message transcribed in Paragraph 14, above.

21. In each of these voice messages, Defendant failed to disclose that the communication was from a debt collector.

22. In each of these voice messages, Defendant failed to meaningfully disclose its identity to Plaintiffs.

23. In addition to the calls referenced above and the voice message transcribed above, during the time frame ranging from July 2012 to October 2012, Defendant placed calls to

Plaintiffs' residence, including, but not limited to, calls placed at the following times, on dates to be identified if and when Plaintiffs are able to obtain detailed phone records from their service provider: 7:56 A.M.; 8:47 A.M.; 9:36 A.M.; 9:30 A.M.; 8:26 A.M.; and 8:05 A.M.

24. In connection with each of these calls, Defendant left a pre-recorded voice message identical or substantially similar to the message transcribed in Paragraph 14, above.

25. In each of these voice messages, Defendant failed to disclose that the communication was from a debt collector.

26. In each of these voice messages, Defendant failed to meaningfully disclose its identity to Plaintiffs.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action on behalf of themselves and others similarly situated. Specifically, Plaintiffs seek to represent four classes of individuals defined as:

   a. All persons located in Florida who, within one year before the date of this complaint, received a voice message from Mercantile Adjustment Bureau, LLC in connection with Mercantile Adjustment Bureau's efforts to collect a consumer debt, that is substantially similar or materially identical to the pre-recorded voice messages left with Plaintiffs on multiple occasions from July 2, 2012 to October 1, 2012, and that fails to state in the message that it is a communication from a debt collector.

   b. All persons located in Florida who, within one year before the date of this complaint, received a voice message from Mercantile Adjustment Bureau, LLC in connection with Mercantile Adjustment Bureau's efforts to collect a consumer debt, that is substantially similar or materially identical to the pre-recorded voice messages left with Plaintiffs on multiple occasions from July 2, 2012 to October 1, 2012, and that fails to meaningfully disclose the identity of Mercantile Adjustment Bureau, LLC.

  c. All persons located in Florida who, within one year before the date of this complaint, received a telephone call from Mercantile Adjustment Bureau, LLC in connection with Mercantile Adjustment Bureau's efforts to collect a consumer debt between the hours of 9 p.m. and 8 a.m.

  d. All persons located in Florida who, within one year before the date of this complaint, received a telephone call from Mercantile Adjustment Bureau, LLC in connection with Mercantile Adjustment Bureau, LLC's efforts to collect a consumer debt, between the hours of 9 p.m. and 8 a.m. in that person's time zone without that person's prior consent.

28. The classes are averred to be so numerous that joinder of members is impracticable.

29. The proposed classes specifically exclude the United States of America, the States of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit and the Justices of The United States Supreme Court, all officers and agents of Mercantile Adjustment Bureau, LLC, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

30. The exact number of the members of the classes are unknown to Plaintiffs at this time and can be ascertained only through appropriate discovery.

31. The classes are ascertainable in that the names and addresses of all members of the classes can be identified in business records maintained by Defendant.

32. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual members of the classes. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) Defendant's

violations of Fla. Stat. §559.55, *et seq*.; (d) the availability of statutory penalties; and (e) attorneys' fees and costs.

33. Plaintiffs' claims are typical of those of the classes they seek to represent.

34. Plaintiffs' claims, and those of the members of the classes, originate from the same conduct, practice, and procedure, on the part of Mercantile Adjustment Bureau, LLC. Thus, if brought and prosecuted individually, the claims of each member of the classes would require proof of the same material and substantive facts.

35. Plaintiffs possess the same interests and have suffered the same injuries as each member of the classes. Plaintiffs assert identical claims and seek identical relief on behalf of the unnamed members of the classes.

36. Plaintiffs will fairly and adequately protect the interests of the members of the classes and have no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the classes.

37. Plaintiffs are willing and prepared to serve this Court and the proposed classes.

38. Plaintiffs' interests are co-extensive with, and not antagonistic to, those of the absent members of the classes.

39. Plaintiffs have retained the services of counsel who are experienced in consumer protection claims and complex class action litigation, who will vigorously prosecute this action, and who will assert, protect, and otherwise represent Plaintiffs and all absent members of the classes.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the classes would – as a practical matter – be dispositive of the interests of other members of the classes who are not

parties to the action or could substantially impair or impede their ability to protect their interests.

41.     The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

42.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

43.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

44.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this complaint in that: (a) individual claims by the members of the classes will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF THE FDCPA AT SECTION 1692d(6)
**(On Behalf Of Linda and Michael McHugh And Others Similarly Situated)**

45.  Plaintiffs repeat and re-allege each and every allegation above.

46.  Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

a) Determining that this action is a proper class action, certifying Linda and Michael McHugh as class representatives under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

c) Awarding Plaintiffs, and members of the classes, statutory damages pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs, and members of the classes, reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs, and members of the classes, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding other and further relief as this Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FDCPA AT SECTION 1692e(11)
**(On Behalf Of Linda and Michael McHugh And Others Similarly Situated)**

47.  Plaintiffs repeat and re-allege each and every allegation above.

48.  Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each debt collection communication that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

a) Determining that this action is a proper class action, certifying Linda and Michael McHugh as class representatives under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

c) Awarding Plaintiffs, and members of the classes, statutory damages pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs, and members of the classes, reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs, and members of the classes, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding other and further relief as this Court may deem just and proper.

### COUNT III
### VIOLATION OF THE FDCPA AT SECTION 1692c(a)(1)
**(On Behalf Of Linda and Michael McHugh And Others Similarly Situated)**

49. Plaintiffs repeat and re-allege each and every allegation above.

50. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiffs at times or places which were known or should have been known to be inconvenient for Plaintiffs, including calling Plaintiffs prior to 8:00 A.M.

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

a) Determining that this action is a proper class action, certifying Linda and Michael McHugh as class representatives under Rule 23 of the Federal Rules of Civil

      Procedure and designating this Complaint the operable complaint for class purposes;

  b) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

  c) Awarding Plaintiffs, and members of the classes, statutory damages pursuant to 15 U.S.C. § 1692k;

  d) Awarding Plaintiffs, and members of the classes, reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiffs, and members of the classes, any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding other and further relief as this Court may deem just and proper.

## COUNT IV
## VIOLATION OF THE FCCPA AT SECTION 559.72(17)
**(On Behalf Of Linda and Michael McHugh And Others Similarly Situated)**

51. Plaintiffs repeat and re-allege each and every allegation above.

52. Defendant violated Fla. Stat. § 559.72(17) by communicating with Plaintiffs between the hours of 9 p.m. and 8 a.m. in Plaintiffs' time zone without Plaintiffs' prior consent.

53. As a result of Defendant's conduct, Plaintiffs suffered – and continue to suffer – personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

  a) Determining that this action is a proper class action, certifying Linda and Michael McHugh as class representatives under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

  b) Adjudging that Defendant violated Fla. Stat. § 559.72(17);

c) Awarding Plaintiffs, and members of the classes, statutory damages pursuant to Fla. Stat. § 559.77(2);

d) Awarding Plaintiffs actual damages pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiffs, and members of the classes, reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiffs, and members of the classes, any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding other and further relief as this Court may deem just and proper.

## TRIAL BY JURY

54. Plaintiffs request a trial by jury.

Respectfully submitted this 12th day of February, 2013.

        Respectfully submitted,

        **LINDA & MICHAEL MCHUGH**

        By:/s/ Aaron D. Radbil
AARON D. RADBIL (FBN 0047117)
ALEX D. WEISBERG (FBN: 0566551)
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFFS
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aradbil@attorneysforconsumers.com

## CERTIFICATE OF SERVICE

I certify that on the 12th day of February, 2013, a copy of the foregoing was filed electronically in the ECF system. Notice of the filing will be sent to the parties of record by operation of the Court's electronic filing system, including Defendant's counsel as described below. Parties may access this filing through the Court's system.

>Rachel A. Morris, Esq.
>Dayle M. Van Hoose, Esq.
>Kenneth C. Grace, Esq.
>Sessions, Fishman, Nathan & Israel, L.L.C.
>3350 Buschwood Park Drive, Suite 195
>Tampa, FL 33618
>Telephone: (813) 890-2463
>Facsimile: (866) 466-3140
>rmorris@sessions-law.biz
>dvanhoose@sessions-law.biz
>kgrace@sessions-law.biz

>/s/ Aaron D. Radbil_____
>Attorney